UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR N. PUTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  21-3210 (UNA) |
| | ) |
| | ) |
| PRETRIAL SERVICES et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's pro se Complaint, ECF No. 1, and application for leave to proceed in forma pauperis, ECF No. 2.  The Court will grant the application and dismiss the Complaint for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).  The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  Bush v. Butler, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship

1

requirement must be "assessed at the time the suit is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. See Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues the D.C. Pretrial Services Agency and three individuals residing or working in the District of Columbia. Plaintiff alleges only that on August 8, 2019, he was arrested by the "Capitol Hill Police" and on November 30, 2020, he was "rearrested . . . on 4 bench warrants" but released before his court date. Compl. Sec. III (Statement of Claim). Plaintiff seeks $1,000 per day as an unexplained "sanction." Id. Sec. IV (Relief). Although Plaintiff lists as the basis of jurisdiction the First, Fifth and Twelfth amendments to the Constitution, Compl. at 3, he has alleged no facts rising to the level of a constitutional violation. Further, neither the citizenship requirement nor the amount in controversy is satisfied to proceed under the court's diversity jurisdiction. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: December 28, 2021

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge